IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PERCY ALLEN : CIVIL ACTION

v. :

MONTGOMERY COUNTY, PENNSLVANIA, : NO. 15-3111
et al. :

FILED
JUL 21 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM

YOHN, J.  JULY 21, 2015

    Plaintiff Percy Allen brings this action pursuant to 42 U.S.C. § 1983, based on his arrest and prosecution on criminal charges filed in Montgomery County. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### I. FACTS[1]

    In 2008, Police Officer David Mazza filed a criminal complaint against plaintiff in Montgomery County charging him with several counts of statutory sexual assault and related offenses. *See Commonwealth v. Allen*, MJ-38116-CR-000498-2008. Magistrate Judge Margaret Hunsicker issued a warrant for plaintiff's arrest based on the complaint. Plaintiff alleges that the complaint and warrant were defective because they were sworn to by Officer Mazza—who lacked personal knowledge of the events—rather than the victim. Accordingly, he alleges that the warrant and complaint were based on hearsay and that Magistrate Judge Hunsicker issued the warrant without probable cause and/or jurisdiction in violation of plaintiff's

---

[1] The following facts are taken from the complaint and publicly available dockets of relevant criminal proceedings in state court.

1

constitutional rights. Plaintiff also alleges that his arrest and prosecution are unconstitutional because he had no contract with the Norristown Borough Police Department or any other government entity pursuant to which he could be arrested and prosecuted, and the criminal complaint fails to mention any such contract.

Plaintiff was arrested on the warrant in 2011. He waived his preliminary hearing and the case was transferred to the Montgomery County Court of Common Pleas. *Commonwealth v. Allen*, CP-46-CR-0003386-2011. Plaintiff alleges that he only waived the preliminary hearing because he was coerced by the prosecutor, Matthew W. Quigg, and his public defender wrongfully advised him to do so. Plaintiff subsequently received a new public defender, Raymond D. Roberts. Through Roberts, Assistant District Attorney Jeremy Lupo, who was now prosecuting the case, offered plaintiff a deal. On February 13, 2013, plaintiff pled guilty before Judge Joseph A. Smyth to one count of statutory sexual assault and the remaining charges were nolle prossed. Plaintiff alleges that, when he received the pre-sentence investigation report after his plea, he informed Roberts that the report contained "untrue statements," but Roberts told him that "none of it mattered anyway."

The state court held a hearing to determine whether plaintiff was a sexually violent predator. At the hearing, a doctor testified on behalf of the Commonwealth that plaintiff was likely to reoffend and that he should be classified as a sexually violent predator. Her testimony was based on the report that Roberts allegedly refused to challenge. Judge Smyth sentenced plaintiff to ninety-four days to twenty-three months of imprisonment. As a result of his conviction, plaintiff is required to register as a sex offender. Plaintiff alleges that Judge Smyth lacked jurisdiction to sentence him and further alleges that he would not have pled guilty had he known he would be treated as a sexually violent predator. Plaintiff contacted Roberts after his release from prison

and learned that, prior to plaintiff's designation as a sexually violent predator, Roberts declined an interview with the assessment board on his behalf. On other occasions, Roberts hung up on him. It appears that plaintiff recently violated probation and is currently incarcerated at the Montgomery County Correctional Facility on that basis.

Based on the above facts, plaintiff initiated this lawsuit, pursuant to 42 U.S.C. § 1983, against Montgomery County, Judge Smyth, Montgomery County District Attorneys Chief Law Enforcement Officer, District Attorney Risa Vetri Ferman, Assistant District Attorney Quigg, Assistant District Attorney Lupo, the Montgomery County Public Defenders Office, Assistant Public Defender Roberts, a John/Jane Doe public defender, the Norristown Bureau Police Department, Officer Mazza, and Magistrate Judge Hunsicker. The Court understands plaintiff to be raising constitutional claims based on his arrest, prosecution, and conviction. He seeks monetary damages and "relief in order so that plaintiff[] may once again enjoy the (his) fundamental rights of a citizen which is the right to the enjoyment of life, liberty and the persuit [sic] of happiness."[2] (Compl. at 23.)

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an

---

[2] In an attachment to the complaint titled "Cover sheet," plaintiff lists several grievances with the conditions at the Montgomery County Correctional Facility, where he is currently incarcerated. Those grievances do not pertain to the named defendants in this case. Instead, they pertain to another lawsuit plaintiff filed in this Court. *Allen v. Smith*, Civ. A. No. 15-3112 (E.D. Pa.).

indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010); *see also Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

To the extent plaintiff's request for relief can be construed as a request that this Court invalidate his conviction and/or his related imprisonment, it is dismissed as legally frivolous. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, if plaintiff seeks to challenge his state conviction in federal court, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting state remedies, rather than filing a civil rights action.

The majority of plaintiff's claims for monetary damages are also not cognizable in a civil rights action. "[T[o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, plaintiff seeks damages based alleged constitutional defects in his prosecution and conviction. However, he does not allege that his conviction has been reversed or otherwise invalidated, and the docket for his criminal proceeding reflects that his conviction remains intact. Accordingly, his claims for damages based on his prosecution and related conviction must be dismissed because they are not cognizable in a civil rights action.[3]

---

[3] There are other reasons why plaintiff's claims fail. First, his claims against the Assistant District Attorneys who prosecuted him are legally baseless because those defendants are entitled to absolute prosecutorial immunity. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity shields prosecutors from liability under § 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process"). Second, plaintiff's claims against Judge Smyth and Magistrate Judge Hunsicker are legally baseless because those judges are entitled to absolute judicial immunity from plaintiff's claims, which are based on acts they took in their judicial capacities while presiding over plaintiff's case. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Although judicial immunity does not apply when a judge acts in the clear absence of all jurisdiction, plaintiff's frivolous and conclusory allegations concerning the alleged lack of jurisdiction in his case do not suffice to deprive the judges of immunity. Third, plaintiff's claims against the Assistant Public Defenders who represented him fail because nothing in the complaint plausibly suggests that those defendants can be considered state actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted). Fourth, plaintiff's claims against municipal entities fail because nothing in the complaint suggests that a municipal policy or custom caused the alleged constitutional violations of which plaintiff complains. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (local governments are not liable under § 1983 "for an injury inflicted solely by [their] employees or agents," but are liable if a municipal custom or policy caused the plaintiff's injury).

Although plaintiff's false arrest claims are cognizable under § 1983, those claims are frivolous. "[T]he usual function of a criminal complaint is not for the prosecutor to attest to facts based on personal knowledge." *Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001). "Instead, the prosecutor simply recounts the facts, produced by an investigation, that provide probable cause to arrest . . . ." *Id.* In that regard, "it is constitutional to rely on hearsay to establish probable cause for an arrest." *Gov't of V.I. ex rel. A.M.*, 34 F.3d 153, 161 (3d Cir. 1994). Accordingly, as long as the facts recounted to Officer Mazza by the victim provided probable cause for plaintiff's arrest (which plaintiff does not dispute), there is no basis for plaintiff's claim that the criminal complaint and related arrest warrant were invalid simply because Officer Mazza, rather than the victim, swore to the complaint. *See Livingston v. Allegheny Cnty.*, 400 F. App'x 659, 665-66 (3d Cir. 2010) (probable cause existed when "[t]he facts and circumstances within Appellees' knowledge were statements by the victim herself, N.W., and the victim's sibling, B.W., that Livingston sexually abused N.W."); *see also* Pa. R. Crim. P. 504(3) (a criminal complaint should contain "a direct accusation to the best of the affiant's knowledge, *or information and belief,* that the defendant" committed a crime (emphasis added)). Nothing in Pennsylvania's Rules of Criminal Procedure or the Constitution requires a criminal complaint or arrest warrant to be based upon a victim's testimony before a Magistrate Judge, as plaintiff suggests. *See* Compl. at 3. To the extent plaintiff alleges that his arrest is unconstitutional because he did not enter into a contract with the local police department or district attorney's office, his claims are frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court concludes

that amendment would be futile because plaintiff cannot cure the defects in his pleading.  An appropriate order follows.